IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

JOHN RUSSO as Personal
Representative of the Estate of
ANTHONY J. RUSSO,

    Plaintiff,

v.

MODEL TRANSPORT, LLC,
BSL LOGISTICS, LLC, and
ANGESOM GHEBRENDRIAS,

    Defendants.
_____/

Case No.: 2:23-cv-00611-EWH-DEM

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL NON-PARTY, TOTAL QUALITY LOGISTICS TO COMPLY WITH RULE 45 SUBPOENA**

Plaintiff JOHN RUSSO as the Personal Representative of the Estate of ANTHONY J. RUSSO, his deceased father ("Plaintiff") hereby files a Memorandum in Support of Plaintiff's Motion to Compel Non-Party, Total Quality Logistics ("TQL") to Comply with Rule 45 Subpoena for deposition and production of subpoenaed documents.

## BACKGROUND

On February 1, 2023, a 2019 Kenworth tractor, pulling a 53-foot trailer, being driven by ANGESOM GHEBRENDRIAS, a dangerous and distracted

tractor trailer driver, under MODEL TRANSPORT'S operating authority, was traveling northbound on Kempsville Road in the City of Norfolk, Virginia, under normal traffic conditions. The decedent, Mr. Anthony Russo, was lawfully making a lefthand turn onto southbound Kempsville Road in the intersection of Kempsville Road and Kempsville Circle. Defendant GHEBRENDRIAS was driving distracted and negligently travelling through the red-light, violating Mr. Russo's right of way. As a result of GHEBRENDRIAS's failure to observe and obey the red traffic signal, GHEBRENDRIAS violently struck the driver's side of Mr. Russo's Honda Accord. Consequently, Anthony Russo sustained severe and fatal injuries and died four (4) days later. At the time of the crash, Defendants, MODEL TRANSPORT and BSL had entered into an independent contractor agreement wherein BSL was providing the services of driver GHEBRENDRIAS and equipment, 2019 Kenworth tractor to MODEL TRANSPORT.

Plaintiff learned through discovery that TQL, was transportation intermediary for the Defendants relating to the subject load. Consequently, Plaintiff requested and obtained a Court Order to take TQL's Corporate Representative deposition and subpoena documents from TQL to determine whether TQL would be an appropriate Defendant in this suit.

The parties agreed after engaging in jurisdictional discovery and the Court having found good cause shown ordered that the following discovery to be completed by **November 14, 2024.**

1. A deposition of Defendant Driver GHEBRENDRIAS;

2. A complete 30(b)(6) deposition of a corporate representative from BSL, not just jurisdictional;

3. **<u>Service of a subpoena duces tecum authorized by Fed. R. Civ. P. 45(a)(3) on the transportation intermediary for the subject load, Total Quality Logistics;</u>**

4. **<u>A complete 30(b)(6) deposition of a corporate representative from Total Quality Logistics;</u>**

5. A complete 30(b)(6) deposition of a corporate representative from MODEL TRANSPORT, not just jurisdictional, on the condition that Plaintiff consent to the Court Granting MODEL TRANSPORT's Motion to Dismiss Count V of Plaintiff's Complaint, Willful and Wanton Negligence, without prejudice to re-file should discovery produce additional evidence supporting that Count. (ECF #46)

On October 9, 2024, Plaintiff validly served a subpoena duces tecum with 30(b)(6) Notice of Deposition on Total Quality Logistics to take place on November 12, 2024, and to produce certain documents. *See* Exhibit "A"-

Plaintiff's Notice and Subpoena of Taking Remote Deposition *Duces Tecum* of the Corporate Representative of Total Quality Logistics with Proof of Service.

On October 18, 2024, rather than file a motion to quash subpoena, TQL sent a letter that the Subpoena was vague, overbroad and unduly burdensome, among other objections. In response, undersigned counsel provided TQL's attorney with the Court Order granting Plaintiff's request to take TQL'S Corporate Representative' deposition and to send a subpoena to obtain documents. Undersigned counsel also provided the subject Crash Report, Complaint, TQL's Rate Confirmation for the subject load, TQL's Standard Form for Presentation of Loss and Damage Claim relevant to the subject load and the Bill of Ladings relevant to the subject load. *See* Exhibit "B" – Plaintiff's attorney Email dated October 29, 2024 and attachments.

On October 29, 2024, TQL represented that they were not required to file a Motion to Quash, that the obligation is on Plaintiff to bring TQL's objections to the Court and that TQL will not be participating in the November 12, 2024 deposition or producing documents as subpoenaed to do. *See* Exhibit "C" – TQL's October 29,2024 Email.

After obtaining TQL's correspondence, Plaintiff's counsel's office attempted to coordinate a meet and confer to discuss coordinating a new deposition date and discuss objections. After obtaining no return calls, TQL sent an email stating that although they would not withdraw their objections

to method or proposed scope of the deposition or scope of the documents requested, that TQL would need to address these objections with the Court. *See* Exhibit "D" – TQL's November 13, 2024 email.

## **LEGAL STANDARD**

Under Rule 45(a) of the Federal Rules of Civil Procedure, a party to litigation may serve on a non-party to the litigation a subpoena for the production of discoverable material in the non-party's possession, custody, or control. *Johnson v. Miller*, No. 3:15CV00055, 2017 WL 6617056, at *1 (W.D. Va. Dec. 21, 2017) (citing Fed. R. Civ. P. 45(a)(1)(A)(iii)). "[T]he scope of discovery for a nonparty litigant under a subpoena duces tecum [is] the same as the scope of a discovery request made upon a party to the action," and "a party is entitled to information that is relevant to a claim or defense in the matter". *Smith v. United Salt Corp.*, No. 1:08-cv-00053, 2009 WL 2929343, at *5 (W.D.Va. Sept. 9, 2009). "It is well-settled that district courts are allowed broad discretion in resolving discovery disputes." *Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc.*, 334 F.3d 390, 402 (4th Cir.2003).

If the recipient of a subpoena objects, the issuing party may, "at any time, on notice to the commanded person ... move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

## ARGUMENT

The Court should enforce the subpoena duces tecum with 30(b)(6) Notice of Deposition on Total Quality Logistics because it is valid and narrowly tailored to the issues of this litigation. The Subpoena seeks relevant, non-privileged information, documents and communications which relate to the matters in this litigation.

In accordance with Federal Rule of Civil Procedure 37(a)(1), the undersigned counsel certifies that Plaintiff's counsel attempted to make good faith efforts to resolve the discovery matters at issue with the attorney representing Respondent, Total Quality Logistics.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this Motion to Compel, enter an Order compelling TQL to present for a Corporate Representative Deposition and produce all non-privileged documents requested, and/or privilege log, within the next sixty (60) days, and any other relief that the Court deems just and proper.

Dated: November 22, 2024

                                          Respectfully submitted,
                                          PLAINTIFF, JOHN RUSSO

                                          */s/ Jessica L. Lanifero*_____
                                          **Joseph V. Camerlengo, B.C.S.**
                                            (Admitted *Pro Hac Vice*)
                                            (FL Bar No. 008192)
                                            **Jessica L. Lanifero**

(Admitted *Pro Hac Vice)*
(FL Bar No. 021062
1200 Riverplace Blvd, Suite 902
Jacksonville, Florida 32207
Telephone: (904) 306-9220
Facsimile: (904) 306-9221
Email: jvc@truckcrashlaw.com
Email: jll@truckcrashlaw.com
Email: *team@truckcrashlaw.com*
*Co-Counsel for Plaintiff John Russo*
   -and-

   -and-

**Stephen M. Smith** (VSB No. 14362)
**David B. Holt** (VSB No. 65564)
**C. Stewart Gill, Jr.** (VSB No. 42789)
THE BRAIN INJURY LAW CENTER
27 W. Queen's Way, Suite 300
Hampton, Virginia 23669
Telephone: (757) 244-7000
Facsimile: (757) 244-7046
Email: ssmith@braininjurylawcenter.com
Email: dholt@smithlawcenter.com
Email: sgill@smithlawcenter.com
*Co-Counsel for Plaintiff John Russo*

*(Certificate of Service on next page)*

## **CERTIFICATE OF SERVICE**

I certify that on November 22, 2024, I caused the foregoing document to be served by email upon the following counsel of record for the Defendants in this matter using the Court's ECF system, which caused the document to be so served:

**James R. Jebo, Esq**.
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jjebo@hccw.com
*Counsel for BSL Logistics, LLC*

**J. Matthew Haynes, Jr., Esq**.
McCandlish Holton, PC
P.O. Box 796
Richmond, VA 23218-0796
804-775-3100 - Phone
804-775-7209 - Fax
MHaynes@lawmh.com
*Counsel for Model Transport, LLC and Angesom Ghebrendrias*

The foregoing document has also been served on Respondent, Total Quality Logistics' Corporate Counsel, Lindsay Sadlowski via email (lsadlowski@tql.com) and U.S. Mail to: Total Quality Logistics, LLC, 4289 Ivy Pointe Blvd., Cincinnati, Ohio 45245.

*/s/ Jessica L. Lanifero*
**Jessica L. Lanifero**